In the Matter of the Application of HENRY C. ROGERS, Appellant, for the Appointment of Appraisers, Pursuant to Chapter 382 of the Laws of 1895.

THE UNION BANK OF BROOKLYN, Respondent.

*Appraisal of stock in a bank which it is proposed to merge in another bank — the actual, not the mere record, owner of the stock must institute the proceeding therefor.*

Under section 36 of the Banking Law (Laws of 1892, chap. 689, added by Laws of 1895, chap. 382), authorizing the maintenance of certain proceedings for the appraisal of his stock by a stockholder of a bank who objects to a proposed merger thereof, the proceedings must be instituted by the actual owner of the stock. They cannot be instituted by the record owner of stock which in reality belongs to another.

APPEAL by the petitioner, Henry C. Rogers, from a judgment of the Supreme Court, entered in the office of the clerk of the county of Kings on the 1st day of June, 1903, upon an order entered in said clerk's office on the 28th day of May, 1903, which confirmed the report of a referee, recommending the dismissal of the petitioner's application, and also from the said order upon which the judgment appealed from was entered.

*Joseph A. Burr,* for the appellant.

*Albert E. Lamb,* for the respondent.

PER CURIAM :

This is an application by a person claiming to be a stockholder in the Union Bank of Brooklyn, and objecting to the proposed merger thereof with the Kings County Bank of Brooklyn, for the appointment of three persons to appraise the value of his stock under section 36 of the Banking Law (Laws of 1892, chap. 689, added by Laws of 1895, chap. 382). The referee, to whom the proceeding was referred to take proof, found that the petitioner, Henry C. Rogers, was not at the times mentioned in his petition the owner of any stock of the Union Bank. The evidence leaves no doubt of the correctness of this conclusion, for it shows that the 136 shares of stock which he claimed to own were in fact the property of one William H. Ziegler. We agree with the referee that section 36 of the Banking Law refers to the actual ownership of stock and not to shares standing in the name of one but really the property of another. The petitioner, Henry C. Rogers, was shown to have no interest entitling him to maintain this proceeding and it was, therefore, properly dismissed.

The order and judgment should be affirmed.

HIRSCHBERG, P. J., BARTLETT, WOODWARD and JENKS, JJ., concurred ; HOOKER, J., not voting.

Order and judgment thereon dismissing application affirmed, with ten dollars costs and disbursements.