In the Matter of the Application of EDDIE CANTOR, as Stockholder of the MANUFACTURERS TRUST COMPANY, for the Appointment of Appraisers to Appraise the Value of His Stock.*

Supreme Court, New York County, May 11, 1932.

*David L. Podell* [*Herman Shulman* of counsel], for the petitioner.

*White & Case* [*Joseph M. Hartfield* and *John A. Gifford* of counsel], for the Manufacturers Trust Company.

FRANKENTHALER, J.   By the merger provided for in section 487 of the Banking Law the Chatham-Phenix National Bank and Trust Company was merged into Manufacturers Trust Company and its corporate existence was thus extinguished.   The only corporation which remained after the merger was Manufacturers Trust Company.   Section 495 of the Banking Law provides that the corporation continuing after the merger may issue new certificates of stock in return for the certificates of the merged corporation held by stockholders of the latter.   The fact that section 496 of the Banking Law follows immediately upon the section referred to and that it employs the word " meeting " rather than the word " meetings " appears to indicate that it was the intention of the Legislature to provide in section 496 for the appraisal of only such stock as might be held by stockholders of the merged corporation who did not vote in favor of the merger and who did not desire to obtain shares in the remaining corporation in accordance with the provisions of section 495.   In other words, sections 495 and 496 seem to have been intended to furnish alternative remedies to a stockholder of a merged bank, the former providing for the issuance of certificates of stock of the remaining bank and the latter giving him the right to have his stock in the merged bank

* Affd., 236 App. Div. 356.

appraised and paid for. In view of the fact that the merged bank no longer exists after the merger, while the other continues to exist, there seems to be considerable justification for confining the right to an appraisal to dissenting stockholders of the merged bank alone. In the case of *Matter of Rogers* (102 App. Div. 466), relied on by the petitioner, an examination of the record on appeal reveals that the point that the right of appraisal applied only to dissenting stockholders of the merged bank was not raised and the opinion of the court indicates that the point was not considered. The motion for the appointment of appraisers is accordingly denied. (See *Matter of Hoag, Matter of Singer*, Special Term, Part I, Mr. Justice FORD, N. Y. L. J., March 30, 1932.)