In the Matter of the Application of EDDIE CANTOR, as Stockholder of the MANUFACTURERS TRUST COMPANY, for the Appointment of Appraisers to Appraise the Value of His Stock.*

EDDIE CANTOR, Appellant; MANUFACTURERS TRUST COMPANY, Respondent.

In the Matter of the Application of IDA CANTOR, .as Stockholder of the MANUFACTURERS TRUST COMPANY, for the Appointment of Appraisers to Appraise the Value of Her Stock.

IDA CANTOR, Appellant; MANUFACTURERS TRUST COMPANY, Respondent.

First Department, July 1, 1932.

*Herman Shulman* of counsel [*David L. Podell*, attorney], for the appellants.

*Joseph M. Hartfield* of counsel [*John A. Gifford* with him on the brief; *White & Case*, attorneys], for the respondent.

O'MALLEY, J. The question presented is not free from doubt. The opinion of Mr. Justice MARTIN, predicated as it is upon the context of sections 490 and 496 of the Banking Law, merely, seems logical. However, a contrary view is equally deducible when the reason for the statute and other circumstances are considered.

This is a case of merger, whereby one corporation entirely loses its identity. A dissenting stockholder in such a corporation is quite properly given the opportunity of having his stock appraised and purchased. He in justice should not be required to accept an interest in another corporation against his will. On the other hand, a stockholder in the bank which absorbs another still retains an interest in the bank in which he originally invested. Appellants knew at the time of acquiring such interest that the assets and

* Affg. 144 Misc. 399; revd., 261 N. Y. 6.

liabilities of the bank would change from time to time, even over their dissent. Furthermore, they were bound to foresee that in the administration of the affairs of such an institution some contracts might be made and obligations assumed which would not meet with their approval.

Had the corporation in which the appellants are stockholders acquired the franchise and assets of the other institution pursuant to the provisions of sections 20, 21 and 45 of the Stock Corporation Law, they clearly would not have had the right to the relief they now seek. Such right would have been available only to a stockholder in the institution, the franchise and assets of which were acquired.

It is to be noted, moreover, that, if the appellants are correct, the trust company in which they hold stock would be required to violate the provisions of section 108, subdivision 6, of the Banking Law, prohibiting a bank from being the purchaser or holder of shares of its own capital stock unless such is necessary to prevent loss upon a debt previously contracted in good faith. Even in the case of such a purchase the stock so purchased or acquired must be sold at public or private sale within six months from the time of its purchase or acquisition. A violation subjects the bank to a penalty to be paid the State in a sum twice the amount of the purchase.

I am, therefore, of the opinion that the provisions of section 496 of the Banking Law apply only to a stockholder in the bank losing its identity by merger with another and not to a dissenting stockholder of the absorbing bank.

The orders appealed from should, therefore, be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., and McAVOY, J., concur; MERRELL and MARTIN, JJ., dissent and vote to reverse and grant the motion, in an opinion by MARTIN, J., in each proceeding.

MARTIN, J. (dissenting in first proceeding). In December, 1931, negotiations were pending for the merger of the Chatham Phenix National Bank and Trust Company with the Manufacturers Trust Company, the respondent herein. On February 9, 1932, the merger was completed. Over ninety per cent of the stockholders of the latter company voted in favor of the merger.

The appellant Eddie Cantor did not vote in favor of the merger at the special meeting of stockholders of the Manufacturers Trust Company held on January 18, 1932, called for that purpose. On February 5, 1932, he objected to the merger and demanded payment for his stock, claiming the right of appraisal and payment by virtue of the provisions of the Banking Law. Thereafter, he commenced

proceedings in the Supreme Court, New York county, for the appointment of appraisers to appraise the value of his stock in the Manufacturers Trust Company.

The Special Term held he had no such right, and in disposing of the motion said: " In other words, sections 495 and 496 seem to have been intended to furnish alternative remedies to a stockholder of a merged bank, the former providing for the issuance of certificates of stock of the remaining bank and the latter giving him the right to have his stock in the merged bank appraised and paid for. In view of the fact that the merged bank no longer exists after the merger, while the other continues to exist, there seems to be considerable justification for confining the right to an appraisal of dissenting stockholders of the merged bank alone. In the case of *Matter of Rogers* (102 App. Div. 466), relied on by the petitioner, an examination of the record on appeal reveals that the point that the right of appraisal applied only to dissenting stockholders of the merged bank was not raised and the opinion of the court indicates that the point was not considered. The motion for the appointment of appraisers is accordingly denied. (See *Matter of Hoag; Matter of Singer*, Special Term, Part I, N. Y. L. J. March 30, 1932.) "

The sole issue on this appeal is whether the stockholders of the Manufacturers Trust Company who objected to the merger and demanded payment for their stock, are entitled under the provisions of the Banking Law, section 496, to have their stock appraised and receive payment therefor.

The respondent does not question the fact that the dissenting stockholders of the Chatham-Phenix National Bank and Trust Company have the right to have the value of their stock appraised, but argues that the dissenting stockholders of the Manufacturers Trust Company have no such right under section 496 of the Banking Law, which provides, so far as here pertinent, as follows: " Rights of dissenting stockholders or shareholders. Any stockholder or shareholder not voting in favor of such agreement of merger at the meeting prescribed in section four hundred and ninety of this article, may at such meeting or within twenty days thereafter object to the merger and demand payment for his stock or shares; or, in the case of savings and loan associations or credit unions, if such shareholder be a borrower, he may demand liquidation of his indebtedness and cancellation of his shares. If the merger takes effect at any time after such demand, such stockholder or shareholder may, at any time within sixty days thereafter, apply to the Supreme Court at any Special Term thereof, held in the county wherein is situated the principal place of business of the corporation into which the other or others are merged, for the

appointment of three persons to appraise the value of his stock or shares or the amount of said indebtedness, if any."

The meeting referred to can be none other than that provided for by the Banking Law, section 490. This section provides for the submission of the merger agreement to the stockholders of each corporation in the following language: "Except in the case of savings banks, the merger agreement shall * * * be submitted to the stockholders or shareholders of each of such corporations at a meeting thereof to be called upon notice of at least two weeks, * * *."

It is apparent from an examination of these two sections of the Banking Law that there is nothing contained therein which limits the application of section 496 to stockholders of the merged corporation. These sections refer to the stockholders of both corporations. It follows that the dissenting stockholders of the Manufacturers Trust Company, of which the appellant was one, have the same rights of appraisal of the value of their stock as the dissenting stockholders of the Chatham-Phenix National Bank and Trust Company which was merged with the Manufacturers Trust Company.

Section 490 of the Banking Law provides that the merger agreement must be submitted for the approval of the stockholders of both corporations, and in the event of the failure of at least two-thirds of the stockholders of each of the merging corporations to approve the merger, the transaction falls. In the event, however, of approval by two-thirds of the stockholders of *each* corporation, the plan becomes operative, but the dissenting stockholders of *each* have the right to an appraisal of their stock and payment therefor.

As has already been pointed out, the steps required in such a case clearly indicate that there are no greater rights given to the dissenting stockholders of one corporation than to those of the other. Section 490 provides for a meeting upon notice of at least two weeks after the Superintendent of Banks has approved the merger and upon proper notice which is fully described in the section.

Section 496 of the Banking Law, in speaking of the meeting provided for by section 490 thereof, says it shall apply to both corporations; that a dissenting stockholder within twenty days thereafter may object to the merger and receive payment for his stock or shares; that within sixty days after the merger takes effect he may apply to the Supreme Court at any Special Term for the appointment of three persons to appraise the value of his stock or shares and the amount of said indebtedness, if any. As already pointed out, no distinction whatever is made between the dissenting stockholders of either corporation.

The statute says that a meeting of all the stockholders of each corporation shall be called and the dissenting stockholders or shareholders shall be given certain rights if they are opposed to the merger.

The appellant has petitioned the court for the relief which the statute gives him as such stockholder. We have no right to read into the statute language which will hold that the dissenting stockholders of the merged corporation have certain rights and that the dissenting stockholders of the corporation which has taken over the other corporation have no rights whatever, and must be content with any procedure which the majority decide to follow. It is clear that the statute never intended that there should be such a result. The statute was enacted to protect dissenting stockholders of both corporations to the merger, and in order to insure such protection it has provided for the relief to which the appellant contends he is entitled in this proceeding.

If it had been the intention of the Legislature to limit protection to the dissenting stockholders of the merged corporation, it would have been a very simple matter to have so provided. That it was not such intention is clearly indicated from the language of the statute.

No reason is given by the respondent for asserting that the dissenting stockholders of the merged corporation only are protected. Nor is any reason given why no protection whatever is afforded to the stockholders of the corporation which absorbed the merged corporation.

We are unable to agree with the respondent's contention that the dissenting stockholders of the merging corporation are compelled by a merger to accept an investment in a corporation other than the one in which they have chosen to invest their money. We believe the contention is unsound and that the Special Term was in error in so holding.

The order should be reversed, with ten dollars costs and disbursements, and the motion granted.

MERRELL, J., concurs.

Order affirmed, with ten dollars costs and disbursements.

MARTIN, J. (dissenting in second proceeding). For the reasons stated in the dissenting opinion in *Matter of Cantor* (*ante*, p. 357), decided herewith, the order appealed from should be reversed with ten dollars costs and disbursements, and the motion granted.

MERRELL, J., concurs.

Order affirmed, with ten dollars costs and disbursements.