In the Matter of the Application of VALLIE G. KINNEY and Others, Attorneys in Fact for VALENTINE E. KINNEY and Others, Stockholders in G. R. KINNEY Co., INC., for the Appointment of Appraisers

G. R. KINNEY Co., INC., Appellant; VALLIE G. KINNEY and Others, as Attorneys in Fact, Respondents.

First Department, June 29, 1939.

344

*Paul Armitage* of counsel [*Edward Holloway* with him on the brief; *Douglas & Armitage*, attorneys], for the appellant.

*Saul Gordon* of counsel [*Alex M. Hamburg*, attorney], for the respondents.

O'MALLEY, J. This proceeding was instituted under subdivision 9 of section 38 of the Stock Corporation Law, which affords a right of appraisement and payment to a stockholder when an amendment of " the certificate alters the preferential rights," and under section 21 of the same statute, which authorizes the appointment of appraisers to " estimate and certify the value of such stock just prior to the taking of the action to which the objection is made." The application for appraisement was originally denied at Special Term and the order affirmed in this court (*Matter of Kinney*, 254 App. Div. 660). On appeal, however, the Court of Appeals reversed and directed that the application for appraisal be granted (279 N. Y. 423).

Prior to 1934 section 21, *supra*, provided that " the appraisers * * * shall estimate and certify the value of such stock at the time of such dissent." Under this wording of the statute, the day that the stockholder filed his dissent and made his demand was held to be the date of appraisement. (*Matter of Fulton*, 257 N. Y. 487.)

The *ex parte* order fixed as the proper date May 12, 1937, the date of the stockholders' meeting at which the vote to amend the certificate was taken and from which action the petitioners dissented. Appellant contends that under the amended statute the action to which objection is made was the date of filing the amended certificate, or June 17, 1937, and hence the appraisement must be made just prior to that date. Obviously, the purpose of the amendment was to remedy a condition where various dates of appraisal might result by reason of the fact that dissents would be filed at different times. Here the "action" is the vote, and the date of the meeting at which such vote is taken should determine the date prior to which appraisal should be made. There is no mention in the pertinent statute as to the date of filing of the amended certificate, but merely a mention of the date of the vote.

We are of opinion that in the exercise of sound discretion Special Term should have granted a modification of the *ex parte* order so as to require the petitioners, under section 21 of the Stock Corporation Law, to submit their stock certificates to the clerk of the court for notation thereon of the pendency of the appraisal proceedings, especially in view of the fact that it is asserted by appellant that certain of the petitioners have sold, disposed of or otherwise surrendered their stock. With this modification we see no reason for trying out, either before a referee or before the appraisers, the issues as to what stockholders are before the court or otherwise entitled to participate in the proceeding.

The *ex parte* order gives to the appraisers the right to select certified public accountants " to prepare an audit report or reports," the expense of which, as well as that of the stenographic record, are to be charged to the expense of the appraisal. We do not view this provision as giving the right of audit so wide a latitude as is feared by appellant. We construe this merely to authorize the appraisers to hire certified public accountants who will assemble the data and evidence adduced before the appraisers for their benefit. We do not deem it an authorization for the employment of certified public accountants to make an independent audit of the books of appellant generally.

The contention of the appellant that the report of the auditors will be available only to the appraisers and used by them as evidence without opportunity to the appellant to cross-examine the auditors and require them to explain their report, is not well taken. The *ex parte* order provides that, in estimating and certifying the value of the stock, the appraisers shall consider the evidence produced by the petitioners and by the appellant who may each be represented by attorneys and counsel, and shall cause a steno-

graphic record of all evidence submitted to them, to be taken and attached to each copy of their appraisal. The report or reports of the auditors should also be a part of the report of the appraisers which the order provides will also include the stenographic minutes. A copy of the appraisals is to be delivered to the petitioners and to the appellant. The report of the auditors, therefore, will be available to appellant.

The report or reports of the accountants will not, of course, be evidence as such. As urged by respondents, they will be employed merely to assist the appraisers in assembling financial and accounting data which will be adduced before them under rules of evidence.

It follows, therefore, that the orders appealed from should be reversed and the motions granted to the extent of modifying the *ex parte* order to the extent herein indicated.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Orders unanimously reversed and the motions granted to the extent of modifying the *ex parte* order as indicated in opinion. Settle order on notice.