92 N.J. Super. 592 (1966)
224 A.2d 348
JEANETTE BOHRER, JOEL BOHRER AND BARBARA BOHRER, PLAINTIFFS,
v.
UNITED STATES LINES COMPANY, A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided November 10, 1966.
*594 Mr. Samuel A. Larner for plaintiffs (Messrs. Budd, Larner & Kent, attorneys).
Mr. John Milton, Jr. for defendant (Messrs. Milton, Keane & Debona, attorneys).
SCHAPIRA, J.C.C. (temporarily assigned).
Plaintiffs Joel and Barbara Bohrer are registered stockholders of 104 shares of defendant corporation United States Lines Company, and plaintiffs Joel and Jeanette Bohrer are the beneficial owners of 500 shares of the same stock standing in the "street name" of Walston & Company (Walston), a stock brokerage house. This action is brought under R.S. 14:3-5 and N.J.S.A. 14:12-7 for the appointment of appraisers to determine the value of plaintiffs' stock, after they and Walston notified the corporation, in writing, of their dissent to a proposed plan of reorganization.
Defendant contends that with respect to the 500 shares standing in the "street name" of Walston & Co., plaintiffs, as beneficial owners, cannot institute appraisal proceedings, since such proceedings are only available to the registered owner of the stock. Defendant further contends that since the statute provides that suit for appointment of appraisers is to be brought within 60 days from the date of the approval of the reorganization plan, Walston has lost its right to maintain this action. The court has also been petitioned to amend the pleadings so as to include Walston as a party plaintiff, the amendment, if granted, to relate back to the time of the institution of this action.
The following are the salient facts considered by the court in arriving at its decision:
(1) Plaintiffs' stocks were voted by Walston against the reorganization plan at the scheduled meeting of stockholders on June 7, 1966.
*595 (2) Pursuant to R.S. 14:3-5, on June 17, 1966 Walston, on behalf of plaintiffs demanded:
"* * * payment for five hundred (500) shares of common stock which were voted against said proposal at the stockholders Annual Meeting held on June 7, 1966. These shares are registered in the name of Walston & Co., Inc. The beneficial owners are:
 400 Shares
 Mrs. Jeanette Bohrer
 60 S. Munn Ave.
 East Orange, New Jersey
 100 Shares
 Mr. Joel L. Bohrer
 60 S. Munn Ave.
 East Orange, New Jersey."
(3) On June 20, 1966 a letter was written over the signature of Joel L. Bohrer to defendant United States Lines Company, detailing the stock holdings of Joel, Barbara and Jeanette Bohrer. It referred to their dissent to the reorganization plan, and demand was made for payment, mentioning that Walston "instructed him to make such demand."
(4) The complaint was filed August 3, 1966, within 60 days from the date of approval of the reorganization plan, in compliance with the statute.
This court finds no precedent in New Jersey which treats the precise question of the right of the nonregistered beneficial owners of stock to seek appraisal. Counsel for defendant urges that the case of Bache & Co. v. General Instrument Corp., 74 N.J. Super. 92 (App. Div. 1962), certification denied 38 N.J. 181 (1962), is dispositive of this particular issue. The reading of Bache, however, reveals that the Appellate Division was only called upon to consider the converse situation of that presented to this court, namely, whether the record owner might invoke the appraisal procedure, and the court specifically stated:
"We are not concerned here with the status of an equitable owner of stock who seeks to pursue an equitable remedy. Rather, the question is whether there is anything in the statute, which would inhibit *596 plaintiff from bringing the present appraisal action as registered owner. * * *" (at pp. 98-99)
The Appellate Division held that the stockbrokerage firm which held the stock in its "street name," and in whose name the stock was registered, could bring an action for an appraisal pursuant to N.J.S.A. 14:12-7. It was only by way of dictum in Bache that the proposition presently before us was considered by the Bache court. It said:
"In this case, as in the Delaware case [Salt Dome Oil Corp. v. Schenck, 28 Del. Ch. 433, 41 A.2d 583, 158 A.L.R. 975 (Sup. Ct. 1945)] we find nothing in our General Corporation Act to support the idea that an unregistered beneficial owner of stock is intended to have the status of a stockholder in intracorporate affairs." (at p. 99)
This court agrees that in intra-corporate affairs, especially mergers of related corporations, there must be order, certainty, and a sure source of information, so that the corporation knows its members and with whom it is dealing. In this case there is no danger of disorder since defendant corporation had knowledge of who the registered and beneficial owners of the stock were, exactly what interests plaintiffs had in the stock voted against the reorganization, the fact that there was unanimity of dissent by all interests, and that no clashes of opinion between the nonregistered and registered holders of shares existed.
We inquired of counsel (as was done in Bache, supra) just how defendant corporation could be affected by permitting the beneficial owners to bring this action. From counsel's answer the court is convinced that no adverse effect could result to the corporation under the facts presented in this case.
The basic purpose of requesting the stockholder who opposes a reorganization to object in writing prior to the stockholders' meeting called to vote upon the proposal, is to inform the corporation and its stockholders as to the number of possible dissenters and therefore the potential amount of cash needed to pay their shares. Bache, supra, at p. 101; Ballantine *597 on Corporations (rev. ed. 1946), § 298, p. 704. The number of shares voted against the reorganization is the essential information needed by the corporation, and the identity of the stockholders becomes important only for confirmation of the right to vote. Here, the corporation was well aware of not only the dissent by all the interests, but the identity of the dissenters as well.
To deprive the beneficial owners of the appraisal statute under these circumstances would violate the spirit of the law and work a forfeiture merely on a hyper-technical basis. To do justice to the beneficial owners where no injury, prejudice or damage will result to the detriment of defendant, the right of the beneficial owners to bring this action must be sustained, and this court so upholds that right. It is in keeping with the policy that our appraisal statute be construed liberally in favor of dissenting stockholders that this court recognizes plaintiffs' right to bring this action. Jaquith & Co. v. Island Creek Coal Co., 47 N.J. 111 (1966). A liberal construction, rather than a rigid and a technical one, should govern in a situation like this. In re Camden Trust Co., 121 N.J.L. 222 (Sup. Ct. 1938); Bache, supra, at p. 102. The presently prevailing philosophy demands a recognition of the realities of modern stock practices and the necessity to afford such protection to stock beneficially owned as is not inconsistent with protection of the corporation's rights. Reynolds Metals Co. v. Colonial Realty Corp., 41 Del. Ch. 183, 190 A.2d 752 (Sup. Ct. 1963).
For the first time at oral argument defendant asserted that pursuant to its certificate of organization it was entitled to treat the person in whose name the shares were registered as the owner thereof for all purposes, and not be bound to recognize an equitable owner. The court concludes that defendant is deemed to have waived any reliance upon this provision, for not only was any reference to this charter provision omitted in its answer, but defense counsel stated at oral argument that he was content to rest his case solely on the question of whether plaintiffs have the right to maintain the *598 appraisal proceedings as beneficial owners under the law of New Jersey.
In view of the court's holding that plaintiffs may bring this action, it is unnecessary to consider whether Walston may be added as a party plaintiff, and plaintiffs' motion is therefore denied.
The statute, N.J.S.A. 14:12-7, provides for the appointment of appraisers to determine the full market value of the stock. The litigants have requested this court to substitute itself for the appraisers in an understandable desire to keep the expenses at a minimum. Appraising value of dissenting stockholdings is not a judicial function, and the request is therefore, denied. However, this court is inclined to appoint a single appraiser if so stipulated by the parties.
At the request of the litigants, the determination as to whether plaintiffs are entitled to the benefit of the stock dividend will be postponed until the method of appraisal is settled.
An appropriate order should be submitted in accordance with the above opinion.